FILED

JUN - 3 2015

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE CHICKASAW NATION and THE CHOCTAW NATION, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | No. CIV-05-1524-W |
| THE DEPARTMENT OF THE INTERIOR et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

On April 22, 2015, the Court ruled that Section 16 of the Five Tribes Act, 34 Stat. 137 ("1906 Act"), did not prohibit the sale of the unallotted and unreserved lands of the plaintiffs, The Chickasaw Nation and The Choctaw Nation (collectively "Nations"), by the United States Secretary of the Interior. See Doc. 270. Based on this ruling, the Court granted the Cross Motion for Partial Summary Judgment filed by defendants United States of America, United States Department of the Interior ("DOI"), Bureau of Indian Affairs, Office of the Special Trustee for American Indians, Office of Trust Fund Management ("OTFM"), Bureau of Land Management ("BLM"), Office of Natural Resources Revenue ("ONRR"), Bureau of Ocean Energy Management ("BOEM"), Bureau of Safety and Environmental Enforcement ("BSEE") and United States Department of Treasury ("Treasury"), and, all in their official capacities, defendants S.M.R. Jewell, DOI Secretary, Kevin K. Washburn, Assistant Secretary for Indian Affairs, Vincent G. Logan, Special Trustee for American Indians, Sim-Wing Gohard, OTFM Director, Neil Kornze, BLM Director, Gregory J. Gould, ONRR Director, Abigail Ross Hopper, BOEM Director, Brian

Salerno, BSEE Director,[1] and Jacob Lew, Treasury Secretary, and denied the Nations' Motion for Partial Summary Judgment.

The matter now comes before the Court on the Nations' Motion filed pursuant to Rule 54(b), F.R.Civ.P.,[2] wherein they have urged the Court to revise its Order of April 22, 2015, to reflect, what the Nations have argued, is "the proper interpretation of Section 16 of the 1906 Act." Doc. 273 at 1. While reconsideration of an interlocutory order is authorized under Rule 54(b), supra, and permitted under the Court's broad discretion, e.g., Rimbert v. Eli Lilly and Co., 647 F.3d 1247, 1251 (10th Cir. 2011), "motions to reconsider are generally only proper where:  (1) there has been 'an intervening change in the controlling law'; (2) there is newly discovered evidence which was previously unavailable; or (3) it is necessary 'to correct clear error or prevent manifest injustice.'" Homes v. Southwestern Regional Medical Center, Inc., 2015 WL 751589 *1 (N.D. Okla. 2015) (quotation omitted).  "'[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law[,]'" id. (quotation and further citation omitted); it is not appropriate "to 'revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" Id. (quotation omitted).

Because the Nations have merely restated in large part the arguments they presented in their prior submissions and because no grounds exist that warrant the

---

[1]On October 1, 2011, the Bureau of Ocean Energy Management, Regulation and Enforcement, formerly the Minerals Management Service, was replaced by BOEM and BSEE as part of a major reorganization.

[2]Rule 54(b), F.R.Civ.P., provides that "[a]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

requested revision, the Court DENIES the Nations' Motion Pursuant to Rule 54(b) [Doc. 274] filed on May 4, 2015.

ENTERED this 3rd day of June, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE