IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

THE CHICKASAW NATION and )
THE CHOCTAW NATION, )
                   )
        Plaintiffs, )
                   )
vs. )           No. CIV-05-1524-W
                   )
THE DEPARTMENT OF THE )
INTERIOR et al., )
                   )
        Defendants. )

## ORDER

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), the United States Supreme Court held that the Federal Rules of Evidence and in particular, Rule 702, F.R.E., require the Court to act as a "gatekeeper" to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert, 509 U.S. at 597. While the Court "has no discretion to avoid performing the gatekeeper function," Dodge v. Cotter Corp., 328 F.3d 1212, 1223 (10th Cir. 2003)(citations omitted), the Court does have "discretion in how it conducts th[at] . . . function[.]" Id. (citations omitted)(emphasis deleted).

The Supreme Court's overriding concern in Daubert and Kumho was exposing the jury to confusing and unreliable expert testimony; that concern is not present in a nonjury case, e.g., Attorney General of Oklahoma v. Tyson Foods, Inc., 565 F.3d 769, 779 (10th Cir. 2009), and the Court's pre-trial "gatekeeping" obligation is not as essential since, as in this case, the "gatekeeper" and the trier of fact are the same.

Because the defendants can challenge the opinions of the plaintiffs' expert witnesses, as <u>Daubert</u> recognized, through "[v]igorous cross-examination[ and the] presentation of contrary evidence," 509 U.S. at 596, the Court, as it announced in part at the hearing on June 17, 2015,

(1) DENIES the defendants' Motion in Limine to Exclude Expert Opinion Testimony of Paul Homan [Doc. 285] filed on May 15, 2015, because Mr. Homan's proffered testimony "will help the [Court] . . . to understand the evidence [and] . . . to determine. . . fact[s] in issue," Rule 702(a), <u>supra</u>, but CAUTIONS the plaintiffs that if Mr. Homan does no more at trial than express legal opinions about the defendants' fiduciary obligations and whether the defendants breached those obligations, his testimony is subject to exclusion or being ignored by the Court;

(2) GRANTS the defendants' Motion in Limine to Exclude Expert Opinion Testimony of Professor Andrew Kull [Doc. 284] filed on May 15, 2015, since Professor Kull, as he himself stated in his deposition, has only opined "about legal rules [as applied to issues in this case] and their historical context and how to understand them[,]" Oral Deposition of Andrew Kull (April 10, 2015) at p. 51, lines 6-8; <u>e.g.</u>, <u>Specht v. Jensen</u>, 853 F.2d 805 (10th Cir. 1988)(en banc)(when purpose of testimony is to direct factfinder's understanding of legal standards, testimony cannot be allowed since in no instance can witness be permitted to define law of the case);

(3) DENIES the defendants' Motion in Limine to Exclude Expert Opinion Testimony of Joe Christie [Doc. 289] filed on May 15, 2015, except to the extent, if any, that Mr. Christie has offered accounting opinions since Mr. Christie appears to have retracted the accounting opinions in his report, <u>e.g.</u>, Deposition of Joe Christie (April 17, 2015) at p. 52,

2

lines 15-24; id. at p. 190, line 19 to p. 191, line 1, and has instead relied on, and adopted, Mr. Homan's opinions, e.g., id. at p. 37, lines 17-23; Id. at p. 38, lines 7-11; id. at p. 185, lines 19-21;

(4) based on the factors outlined in Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co., 170 F.3d 985, 993 (10th Cir. 1999), and in particular, since the defendants had the opportunity to review the report of Mark P. Berkman, Ph.D., dated April 21, 2015, prior to his deposition, DENIES the defendants' Motion to Exclude Supplemental Report of Plaintiffs' Expert Mark Berkman [Doc. 276] filed on May 8, 2015; and

(5) DENIES the defendants' Daubert Motion to Exclude Expert Opinion Testimony of Dr. Mark Berkman [Docs. 290, 296], filed on May 15 and 19, 2015, wherein the defendants have challenged Dr. Berkman's report issued on January 15, 2015, since Dr. Berkman's proffered testimony, as required by Daubert and Rule 702, supra, has, in the Court's opinion, a reliable basis and "sufficient bearing on the issue[s] at hand to warrant a determination that it has relevant 'fit.'" Doe v. Board of County Commissioners of Payne County, 2015 WL 3500019 *2 (10th Cir. 2015)(citation omitted)(cited pursuant to Tenth Cir. R. 32.1).

ENTERED this _18th_ day of June, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE