IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

THE CHICKASAW NATION and )
THE CHOCTAW NATION, )
                     )
    Plaintiffs, )
                     )
    v. )         No. CIV-05-1524-W
                     )
UNITED STATES DEPARTMENT OF )
THE INTERIOR, *et al.*, )
                     )
    Defendants. )
                     )

## ORDER REGARDING
## PARTIES' JOINT STIPULATION OF SETTLEMENT

WHEREAS, on December 30, 2005, The Chickasaw Nation and The Choctaw Nation ("Plaintiffs" or "Nations") filed this case against the United States Department of the Interior ("Interior"); Gale Norton, Secretary of the Interior; James Cason, Associate Deputy Secretary of the Interior; Ross O. Swimmer, Special Trustee for American Indians; the Bureau of Indian Affairs ("BIA"); the Office of Trust Fund Management ("OTFM"); Donna Erwin, Director of OTFM; the Bureau of Land Management ("BLM"); Kathleen Clarke, Director of BLM; the Minerals Management Service ("MMS"); Johnnie Burton, the Director of MMS; the United States Department of the Treasury ("Treasury"); and John Snow, Secretary of the Treasury, in their official capacities;

WHEREAS, S.M.R. Jewell is currently the Secretary of the Interior; Mike Connor, the Deputy Secretary of the Interior; Kevin K. Washburn, the Assistant Secretary for Indian Affairs; Vincent Logan, the Special Trustee for American Indians; Sim-Wing

Gohard, the Director of OTFM; the Office of Natural Resources Revenue ("ONRR") and the Bureau of Ocean Energy Management, the successors to MMS; Gregory J. Gould, the Director of ONRR; Abigail Ross Hopper, the Director of BOEM; Brian Salerno, the Director of the Bureau of Safety and Environmental Enforcement; Neil Kornze, the Director of BLM; and Jacob J. Lew, the Secretary of the Treasury (collectively "Defendants");

WHEREAS, Plaintiffs are seeking an accounting and reconciliation of their trust fund accounts and non-monetary trust assets or resources in this case;

WHEREAS, the Parties have conducted settlement negotiations presided over by the court-appointed Special Master, Judge James Robertson (retired);

WHEREAS, the Parties have discussed and agreed to a settlement of Plaintiffs' claims that relate to Defendants' management or accounting of Plaintiffs' trust funds or Plaintiffs' non-monetary trust assets or resources and that are based on alleged harms or violations at any time ("Joint Stipulation of Settlement");

WHEREAS, the Parties believe that it is in their best interests to enter into a Joint Stipulation of Settlement (Doc. 359), which resolves and settles all of Plaintiffs' trust accounting and trust mismanagement claims for all time periods; and

WHEREAS, in entering into the Joint Stipulation of Settlement (Doc. 359), the Parties intend that there be no third-party beneficiaries;

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, THE COURT HEREBY

– 2 –

ORDERS THE FOLLOWING:

1.     **Settlement Without Admission of Liability or Wrongdoing.**  This Order and the associated Joint Stipulation of Settlement (Doc. 359) are the result of compromise and settlement between the Parties.  Neither document shall not constitute or be construed as an admission of liability or wrongdoing by any Party, and they shall not be utilized or admissible as precedent, evidence, or argument in any other proceeding, except as may be necessary to ensure compliance with or to carry out their terms and conditions.

2.     **Amounts of Settlement.**  In consideration for (a) the dismissal of this case with prejudice, pursuant to Paragraph 3 of this Order, (b) the waivers, releases, and covenants not to sue that are set forth in Paragraph 4, and (c) any other commitments and covenants made by Plaintiffs in this Order, Defendants will pay (a) to Plaintiff The Chickasaw Nation the sum of $46,500,000.00 (Forty-Six Million, Five Hundred Thousand Dollars), and (b) to Plaintiff The Choctaw Nation the sum of $139,500,000.00 (One Hundred Thirty Nine Million, Five Hundred Thousand Dollars), in full, complete, and final settlement.

3.     **Dismissal with Prejudice.**  In consideration for the payment required by Paragraph 2 of this Order, the Parties shall file a joint motion and proposed order or a joint stipulation to dismiss this case with prejudice, in accordance with the requirements of Paragraph 17 herein.

4.     **Waivers, Releases, and Covenants Not to Sue.**  In consideration of the

– 3 –

payment required by Paragraph 2, Plaintiffs hereby waive, release, and covenant not to sue in any administrative or judicial forum on any and all claims, causes of action, obligations, and/or liabilities of any kind or nature whatsoever, known or unknown, regardless of legal theory, for any damages or any equitable or specific relief, that relate to Defendants' management or accounting of Plaintiffs' trust funds or Plaintiffs' non-monetary trust assets or resources.  Thus, the claims being settled include, but are not limited to, the following:

a.      Defendants' alleged obligation to provide a historical accounting or reconciliation of Plaintiffs' trust funds and non-monetary trust assets or resources, and Defendants' fulfillment of any such obligation;

b.      Defendants' alleged mismanagement of Plaintiffs' non-monetary trust assets or resources, including but not limited to, any claim or allegation that:

(1)     Defendants failed to make Plaintiffs' non-monetary trust assets or resources productive;

(2)     Defendants failed to obtain an appropriate return on, or appropriate consideration for, Plaintiffs' non-monetary trust assets or resources;

(3)     Defendants failed to record or collect, fully or timely, or at all, rents, fees, or royalties, or other payments for the transfer, sale, encumbrance, or use of Plaintiffs' non-monetary trust assets or resources;

(4)     Defendants failed to preserve, protect, safeguard, or maintain

– 4 –

Plaintiffs' non-monetary trust assets or resources;

(5)     Defendants permitted the misuse or overuse of Plaintiffs' non-monetary trust assets or resources;

(6)     Defendants failed to manage Plaintiffs' non-monetary trust assets or resources appropriately, including through the approval of agreements for the use and extraction of natural resources, which are or were located in or on Plaintiffs' trust property, leases of Plaintiffs' trust lands, easements across Plaintiffs' trust lands, and other grants to third parties of authority to use Plaintiffs' trust lands or natural resources;

(7)     Defendants failed to enforce the terms of any permits, leases, or contracts for the transfer, sale, encumbrance, or use of Plaintiffs' non-monetary trust assets or resources;

(8)     Defendants failed to prevent trespass on Plaintiffs' non-monetary trust assets or resources;

(9)     Defendants failed to report, provide information about their actions or decisions relating to, or prepare an accounting or appraisal of Plaintiffs' non-monetary trust assets or resources;

(10)    Defendants improperly or inappropriately transferred, sold, encumbered, allotted, managed, appraised, or used Plaintiffs' non-monetary trust assets or resources;

(11)    Defendants failed to manage Plaintiffs' non-monetary trust

assets or resources appropriately by failing to undertake prudent transactions for the sale, lease, use, or disposal of Plaintiffs' non-monetary trust assets or resources; and

(12)   Defendants improperly or inappropriately took, sold, or allotted Plaintiffs' lands or the non-monetary trust assets or resources relating thereto, under the 1906 Act, the Curtis Act of 1898, the Supplementary Agreement of 1902, the Fifth Amendment to the United States Constitution, any treaties between Plaintiffs and the United States, and any other provision of law or regulation;

c.   Defendants' alleged mismanagement of Plaintiffs' trust funds,[1] including, but not limited to, any claim or allegation that:

(1)   Defendants failed to invest tribal income in a timely manner;

(2)   Defendants failed to obtain an appropriate return on invested funds;

(3)   Defendants failed to provide adequate compensation for improperly or inappropriately taking or selling Plaintiffs' lands or the non-monetary trust

---

[1]      For purposes of this Order, Plaintiffs' trust funds include, but are not limited to, any monies that have been received by Plaintiffs in compensation for or as a result of the settlement of Plaintiffs' pre-1946 claims brought before the Indian Claims Commission ("ICC"); the monies in any Tribal-related accounts; any proceeds-of-labor accounts; any Tribal-Individual Indian Money ("Tribal-related IIM") or special deposit accounts; any Indian Money-Proceeds of Labor ("IMPL") accounts; any Treasury accounts; any legislative settlement or award accounts; and any judgment accounts, regardless of whether the above-described accounts are principal or interest accounts, whether they were established pursuant to Federal legislation, and whether they are or were maintained, managed, invested, or controlled by either the Interior Department or the Treasury Department.

assets or resources relating thereto, pursuant to the 1906 Act, the Curtis Act of 1898, the Supplementary Agreement of 1902, the Fifth Amendment to the United States Constitution, any treaties between Plaintiffs and the United States, and any other provision of law or regulation;

        (4)    Defendants failed to deposit monies into trust funds or disburse monies from trust funds in a proper and timely manner;

        (5)    Defendants disbursed monies without proper authorization, including that of Plaintiffs;

        (6)    Defendants failed to report or provide information about their actions or decisions relating to Plaintiffs' trust fund accounts;

        d.    Defendants' alleged control or takeover of Plaintiffs' tribal leaders, governments, or members, including, but not limited to, Plaintiff Chickasaw Nation's Governors and Plaintiff Choctaw Nation's Chiefs or Principal Chiefs, at any time;

        e.    Defendants' alleged taking or failure to perform trust duties that related to the management of Plaintiffs' trust funds or Plaintiffs' lands or non-monetary trust assets or resources, or any claim related thereto, as set forth expressly or impliedly in the Third Amended Complaint (Doc. 91), the Parties' Final Pretrial Report (Doc. 333), and Plaintiffs' Proposed Findings of Fact and Conclusions of Law (Docs. 169, 334), among other documents filed in this case, or as alleged to be owed to Plaintiffs at any time, up to the date of the entry of this Order.

5.     **Plaintiffs' Releases, Waivers, and Covenants Not to Sue Unaffected by Tolling Provisions.**   Nothing in any of the appropriation acts for the Interior Department, which address the application of the statute of limitations to claims concerning losses to or mismanagement of trust funds (*see, e.g.,* Department of the Interior Appropriations Act of 2009, Pub. L. No. 111-88, 123 Stat. 2904, 2922 (2009), and similar provisions in other Interior Department appropriations acts enacted before or after the date of the entry of this Order), shall affect in any way Plaintiffs' foregoing releases, waivers, and covenants not to sue.

6.     **Exceptions to Plaintiffs' Releases, Waivers, and Covenants Not to Sue.** Notwithstanding the provisions of Paragraph 4 herein, nothing in this Order shall diminish or otherwise affect in any way:

a.     Plaintiffs' ability, subject to the provisions of Paragraph 13 below, to assert a claim for restoration, equitable relief, damages, or any other appropriate relief that is based on injuries alleged to have been caused by Defendants' acts, failures to act, or omissions after the date of the entry of this Order;

b.     Plaintiffs' water rights, whether adjudicated or unadjudicated; Plaintiffs' authority to use and protect such water rights; and Plaintiffs' claims for damages for loss of water resources allegedly caused by Defendants' failure to establish, acquire, enforce or protect such water rights;

c.     Plaintiffs' federal law hunting, fishing, trapping and gathering rights,

– 8 –

including federally reserved and aboriginal rights, whether adjudicated or unadjudicated, and Plaintiffs' authority to use and protect such rights;

      d.    Plaintiffs' rights and remedies under federal laws of general application for the protection of the environment (and regulations arising under such laws), including, but not limited to (1) the Clean Water Act, 33 U.S.C. § 1251 *et seq.*; (2) the Safe Drinking Water Act, 42 U.S.C. § 300f *et seq.*; (3) the Clean Air Act, 42 U.S.C. § 7401 *et seq.*; (4) the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq.*; (5) the Nuclear Waste Policy Act, 42 U.S.C. § 10101 *et seq.*; (6) the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.*; (7) the Oil Pollution Act, 33 U.S.C. § 2701 *et seq.*; (8) the Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. § 136 *et seq.*; (9) the Toxic Substances Control Act, 15 U.S.C. § 2601 *et seq.*; (10) the Indian Lands Open Dump Cleanup Act of 1994, 25 U.S.C. § 3901 *et seq.*; (11) the Endangered Species Act of 1973, 16 U.S.C. § 1531 *et seq.*; (12) the Atomic Energy Act of 1954, 42 U.S.C. § 2011 *et seq.*; and (13) the Uranium Mill Tailings Radiation Control Act of 1978, 42 U.S.C. § 2201 *et seq.*;

      e.    Plaintiffs' or Defendants' claims, including but not limited to, claims arising prior to July 19, 1966, that were identified by or submitted to Defendants, pursuant to the Indian Claims Limitation Act of 1982, Pub. L. 97-394, 96 Stat. 1966, which extended the statute of limitations contained in 28 U.S.C. § 2415 (such claims being commonly referred to as "Section 2415 claims"), against third parties;

f.    Plaintiffs' claims based on Indian Self-Determination and Education Assistance Act ("ISDEAA") contract support costs improperly withheld by the United States, if any, *e.g., Salazar v. Ramah Navajo Chapter*, 132 U.S. 2181 (2012);

g.    Plaintiffs' ability to assert any claims not otherwise waived herein; and

h.    Any defenses that Defendants have or may have regarding any claims that Plaintiffs may assert in subsequent litigation or administrative proceedings.

7.    **Plaintiffs' Attestations Regarding Their Trust Account Balances, as Stated by the Office of the Special Trustee for American Indians.**  In consideration of the payment required by Paragraph 2 above and upon the date of the entry of this Order, Plaintiffs, as a matter of settlement and compromise, accept as accurate the balances of all of Plaintiffs' trust fund accounts, as those balances are stated in the periodic Statements of Performance issued by the Office of the Special Trustee for American Indians ("OST") and attached to the Joint Stipulation of Settlement (Doc. 359) as Exhibit 1.

8.    **Plaintiffs' Acceptances of Periodic Statements of Performance Provided by OST.**  Plaintiffs accept, as a matter of settlement and compromise, the Statements of Performance issued by OST and attached to the Joint Stipulation of Settlement as Exhibit 1, as accurate, full, true, and correct statements of all of Plaintiffs' trust fund accounts as of the date of the Statements.  Further, Plaintiffs accept, as a matter of settlement and compromise, the Statements of Performance (Exhibit 1 to the Joint

– 10 –

Stipulation of Settlement) in fulfillment of any accounting of Plaintiffs' trust fund accounts that is required by law as of the date of the entry of this Order.

9. **Plaintiffs' Acceptances of Defendants' Compliance with Applicable Law as Satisfaction of Any Duty and Responsibility to Account for and Report to Plaintiffs Regarding Plaintiffs' Trust Funds.** Plaintiffs accept that Defendants satisfy any duty and responsibility to account for and report to Plaintiffs regarding Plaintiffs' trust funds, through Defendants' compliance with applicable provisions of the United States Constitution, treaties, and federal statutes and regulations, as well as any subsequent amendments thereto, as those requirements may be construed by the courts.

10. **Interior's Provision of Certain Information to Plaintiffs Under Section 102 of Reform Act of 1994.** In satisfaction of its reporting responsibilities under Section 102 of the Reform Act of 1994 (codified at 25 U.S.C. § 4011), Interior currently provides Plaintiffs with the following:

a. A periodic Statement of Performance, on a quarterly (or, upon request, monthly) basis, for all of Plaintiffs' funds held in trust pursuant to the Act of June 24, 1938 (codified at 25 U.S.C. § 162a), in the form attached to the Parties' Joint Stipulation of Settlement as Exhibit 1. Conditional on Interior continuing to provide Plaintiffs with these reports or with reports that substantially conform, as to the frequency of issuance and substantive content, to these reports, Plaintiffs attest that the mailing, provision, or otherwise making available to Plaintiffs of the foregoing satisfies the present

reporting requirements of Section 102 of the Reform Act of 1994 (codified at 25 U.S.C. § 4011).

b.      A letter, on an annual basis, that relates to Interior's annual audit of all funds held in trust for the benefit of tribes pursuant to the Act of June 24, 1938 (codified at 25 U.S.C. § 162a) in the form attached to the Joint Stipulation of Settlement as Exhibit 2. Conditional on Interior continuing to provide Plaintiffs with these letters or with letters that substantially conform, as to the frequency of issuance and substantive content, with these letters, Plaintiffs attest that the mailing, provision, or otherwise making available to Plaintiffs of the foregoing satisfies the present annual auditing requirements of Section 102 of the Reform Act of 1994 (codified at 25 U.S.C. § 4011).

11.     **Interior's Provision of Certain Information to Plaintiffs Under Section 303(b)(2)(B)(ii) of Reform Act of 1994.**  In satisfaction of its reporting responsibilities under Section 303(b)(2)(B)(ii) of the Reform Act of 1994 (codified at 25 U.S.C. § 4043(b)(2)(B)(ii)), Interior presently provides Plaintiffs with periodic Statements of Performance, which contain a report of Plaintiffs' trust fund investments and the return on those investments, in the form attached as Exhibit 1 to the Joint Stipulation of Settlement. Plaintiffs attest that the Interior Department's continued mailing, provision, or otherwise making available to Plaintiffs of the periodic Statements of Performance or of similar reports satisfies the present requirements of Section 303(b)(2)(B)(ii) of the Reform Act of 1994 (codified at 25 U.S.C. § 4043(b)(2)(B)(ii)).

– 12 –

12.     **Preservation of Plaintiffs' Rights to Contest Accuracy of Interior's Reports; Continued Force of Applicable Law.**

      a.     Nothing in Paragraphs 10 and 11 of this Order shall signify Plaintiffs' acceptance of any Statement of Performance or any annual audit, or the contents of any Statement of Performance or audit, that Interior provides to Plaintiffs, after the date of the entry of this Order, as accurate.

      b.     Nothing in this Order, including but not limited to, provisions regarding Plaintiffs' acknowledgments and attestations in Paragraphs 10 and 11 herein, is in derogation of either Party's obligation to comply with applicable federal law, including any future amendments to the Reform Act of 1994.

13.     **Requirement for Notice by Plaintiffs of Certain Claims Concerning Information in Future Periodic Statements of Account or Performance; Availability of Trust Account Information to Plaintiffs.**

      a.     If in the future, Interior provides to Plaintiffs, at a minimum, reports that substantially conform, as to the frequency of issuance and substantive content, to the reports that are specified in Paragraphs 10(a) and 11 above (attached as Exhibit 1 to the Joint Stipulation of Settlement) and if Plaintiffs have any of the following claims, Plaintiffs shall present the claim(s) in writing to Interior, in the manner set forth herein, within six (6) years after the close of the calendar year in which the reported period occurs or within six (6) years after the Statement of Performance or similar report is

– 13 –

provided to Plaintiffs, whichever is later:

> (1)     Defendants failed to invest tribal income in a timely manner;

> (2)     Defendants failed to obtain an appropriate return on invested funds;

> (3)     Defendants failed to disburse monies in a proper and timely manner from trust accounts listed on a Statement of Performance or similar report; or

> (4)     Defendants disbursed monies without Plaintiffs' proper authorization.

b.     In presenting their written claim(s), Plaintiffs shall include a reasonably particular description of the grounds for the claim(s).  Further, Plaintiffs shall present their written claim(s) to Interior, by U.S. certified mail, at the following address:

> United States Department of the Interior
> Office of the Special Trustee for American Indians
> 1849 C Street, N.W.
> Mail Stop 2603
> Washington, D.C.  20240
> Attn:  Director, Office of Trust Review and Audit

Also, Plaintiffs shall provide a copy of their written claim(s) to the Regional Director of the Eastern Oklahoma Regional Office of the Bureau of Indian Affairs.

c.     Within sixty (60) days after receiving Plaintiffs' written claim(s), Interior will provide Plaintiffs with a written response, explaining how it proposes to respond to the claim(s) or advising Plaintiffs that it needs additional time to respond to

the claim(s).

        d.    Except for claims of fraud or gross negligence, Plaintiffs conditionally release, waive, and covenant not to sue the United States, its agencies (including, but not limited to, Defendants), its officials, its employees, or its agents for, the claim(s) listed in subparagraph (a) above, if Plaintiffs do not present the claim(s) in writing to Interior as specified in this Order. Plaintiffs shall not file suit seeking damages or specific or equitable relief before they have received Interior's response to their claim(s). Notwithstanding the foregoing, nothing in this paragraph shall preclude Plaintiffs from filing suit, where (1) Plaintiffs have provided notice of the grounds for a claim or claims pursuant to subparagraph (b) above; (2) Defendants have not responded within sixty (60) days; and (3) either Interior has not responded within eighteen (18) months or Plaintiffs believe in good faith that the applicable statute of limitations for such claim(s) may expire within sixty (60) days, absent the filing of a suit.

        e.    Plaintiffs' duly authorized officials are entitled to request, in writing, additional information regarding Plaintiffs' trust accounts at any time. Plaintiffs shall direct such written requests to the following address:

> United States Department of the Interior
> Office of the Special Trustee for American Indians
> 4400 Masthead Street, N.E.
> Albuquerque, NM 87109
> Attn: Deputy Special Trustee – Field Operations

Plaintiffs shall make any new designations of authorized official(s) in accordance with

Plaintiffs' tribal law and notify Interior in writing of any such new designations, within thirty (30) days of such a designation, so that OST may provide information to and request information from Plaintiffs' duly authorized officials concerning Plaintiffs' tribal trust accounts.

   f. OST shall provide the information requested under subparagraph (e) above as soon as reasonably practicable.

  14. **Treasury's Obligations Regarding Management of Plaintiffs' Trust Funds.**  Treasury's obligations under this Order regarding the management of Plaintiffs' trust funds are defined by 25 U.S.C. § 161a(a) and other applicable federal law.

  15. **Handling of Settlement Proceeds.**  Upon the entry of this Order, or as soon thereafter as reasonably possible, Defendants shall transfer or cause to be transferred, in single or more payments, the sums of money specified in Paragraph 2 in this Order, to accounts that (a) Plaintiffs shall specify to Defendants within fifteen (15) days of the date of the entry of this Order and in advance of Defendants' transfer of the money, and (b) are or shall be in a private bank or other third-party financial institution. The entire sums of money specified in Paragraph 2 above shall be available for use by Plaintiffs as they decide in their sole discretion.  Defendants shall not transfer to, or deposit in, or cause to be transferred to, or deposited in, Plaintiffs' "Proceeds of Labor" accounts or any other trust accounts the sums of money specified in Paragraph 2 above. Plaintiffs specifically waive any and all claims relating to the investment, disbursement,

or other management of the sums of money specified in Paragraph 2 of this Order. Furthermore, Defendants shall have no duty or liability, including, without limitation, no liability as fiduciary, trustee, or similar status whatsoever, regarding Plaintiffs' use or expenditure of the sums of money specified in Paragraph 2 of this Order.

16.     **Entire Agreement Between Parties, Modification and Non-Severability.** This Order is based on the Joint Stipulation of Settlement (Doc. 359) that is the entire agreement between the Parties in this case.     All prior conversations, meetings, discussions, drafts, and writings of any kind are specifically superseded by this Order. The terms of this Order may not be changed, revised, or modified, except as provided by a written instrument that is signed by the Parties to the Joint Stipulation of Settlement (Doc. 359) and that is approved and entered by this Court as an order.  The instant Order or any subsequent order shall be effective upon the date of its entry.

17.     **Filing of Joint Motion and Proposed Order or Joint Stipulation Regarding Dismissal of Litigation with Prejudice.**   As soon as practicable after receiving notice of the entry of this Order and of the payment required by Paragraph 2 above, the Parties shall execute and file a joint motion and proposed order or a joint stipulation to dismiss this case with prejudice.

18.     **Compliance with Anti-Deficiency Act.**  No term or provision of this Order will constitute or will be construed as a commitment or a requirement that Defendants obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or

any other applicable law or regulation.  In the event that the Anti-Deficiency Act, any other applicable law, or any regulation precludes Defendants from obligating or paying the sum of money set forth in Paragraph 2 above, this Order, including its terms, conditions, dismissal, releases, waivers, and covenants not to sue, shall be deemed null, void, and unenforceable.

19.  **No Effect on Federal Funding.**  No provision of this Order shall impair Plaintiffs' ability to receive federal funding.

20.  **Authority of Parties to Enter Into Joint Stipulation of Settlement That Is Associated With This Order.**  The representative(s) for each Party has certified that he or she has been fully authorized by the Party or Parties whom he or she represents to enter into the terms and conditions of the Joint Stipulation of Settlement that is associated with this Order (Doc. 359) and to bind legally such Party or Parties to it.  In particular, counsel for Plaintiffs has certified that, in accordance with tribal law and practice, Plaintiff Chickasaw Nation's Governor and Legislature and Plaintiff Choctaw Nation's Chief and Tribal Council have reviewed the Joint Stipulation of Settlement that is associated with this Order (Doc. 359) and that, by tribal resolutions signed by Plaintiff Chickasaw Nation's Governor and the Secretary of Plaintiff Chickasaw Nation's Legislature and by Plaintiff Choctaw Nation's Chief and the Secretary of Plaintiff Choctaw Nation's Tribal Council, Plaintiffs have approved and authorized the execution of the Joint Stipulation of Settlement that is associated with this Order (Doc. 359) by and

through their counsel. (Tribal resolutions documenting such tribal approvals and authorizations, made in accordance with tribal law and practice, are attached as Exhibit 3 to the Joint Stipulation of Settlement (Doc. 359)).

21. **Execution in Counterpart of Joint Stipulation of Settlement Underlying This Order.** The Joint Stipulation of Settlement that is associated with this Order (Doc. 359) has been executed in one or more counterparts, each of which shall constitute an original, and all of which, taken together, shall constitute one and the same instrument. Facsimile signatures shall have the same effect as original signatures in binding the Parties.

22. **Alternative Dispute Resolution Process Relating to This Order.** After the entry of this Order and dismissal with prejudice of this case, if there is a dispute over compliance with any term or provision of the Order, the disputing Party will notify the other Party in writing of the dispute. The Parties will attempt to work out the dispute informally, as set forth below, before seeking judicial review by this Court.

a. The disputing Party will engage the other Party in informal dispute resolution. During this informal dispute resolution period, which will not exceed ninety (90) days (unless the Parties agree to an extension of this period), the Parties will meet as many times as both deem necessary to discuss and attempt to resolve the dispute.

b. If the Parties are unable to resolve the dispute through informal dispute resolution, either Party may file a motion asking that this Court enforce the

relevant term(s) and provision(s) of this Order.

23.   **Continuing Jurisdiction.**   This Court shall have continuing jurisdiction only for the limited purpose of interpreting and enforcing the terms and conditions of this Order after its entry.

24.   **Parties' Attorney Fees and Costs.**   Each Party shall be responsible for its own attorney fees and costs, as well as any other fees and costs, related to this case.

ENTERED this _25th_ day of September, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

– 20 –