IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA



OCT 1 4 2015

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT; WESTERN DIST. OKLA.
BY_____,DEPUTY

| | |
|---|---|
| THE CHICKASAW NATION and THE CHOCTAW NATION,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>THE DEPARTMENT OF THE INTERIOR et al.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. CIV-05-1524-W |

## ORDER

This action has been pending since December 30, 2005. See Doc. 1. On July 2, 2015, upon being advised that mediation had resulted in an agreement in principle between the parties to resolve this dispute, the Court directed the Clerk of the Court to administratively terminate this action in her records for a period of ninety (90) days to allow the parties to document their agreement and receive approval from the governmental entities involved. See Doc. 356.

On September 25, 2015, a Joint Stipulation of Settlement ("Stipulation"), see Doc. 359, was filed by plaintiffs The Chickasaw Nation and The Choctaw Nation (collectively "Nations"), defendants United States of America, United States Department of the Interior ("DOI"), Bureau of Indian Affairs, Office of the Special Trustee for American Indians, Office of Trust Fund Management ("OTFM"), Bureau of Land Management ("BLM"), Office of Natural Resources Revenue ("ONRR"), Bureau of Ocean Energy Management ("BOEM"), Bureau of Safety and Environmental Enforcement ("BSEE") and United States Department of Treasury ("Treasury"), and defendants, all in their official capacities, S.M.R. Jewell, DOI

Secretary, Mike Connor, DOI Deputy Secretary, Kevin K. Washburn, Assistant Secretary for Indian Affairs, Vincent G. Logan, Special Trustee for American Indians, Sim-Wing Gohard, OTFM Director, Neil Kornze, BLM Director, Gregory J. Gould, ONRR Director, Abigail Ross Hopper, BOEM Director, Brian Salerno, BSEE Director, and Jacob Lew, Treasury Secretary.   The Stipulation set forth, inter alia, the terms of the parties' compromise and settlement and the amounts of settlement. See id. at 3, ¶ 2. The Court, by order, issued that same day, approved the Stipulation and acknowledged the parties' obligations and duties set forth therein. See Doc. 361.

The matter now comes before the Court on the "Notice of Equitable Claim/Equitable Billable Hours" ("Notice") [Doc. 362] filed on October 13, 2015, by nonparty Dr. Richard Hayes Phillips, proceeding pro se. Dr. Phillips has opined that "[t]his entire lawsuit derives almost exclusively from [his] . . . master's thesis . . . [published in] 1982." Id. at 1, ¶ 1. He has asserted that "the minimum amount of time [he] expended was 1300 hours," id. at 2, ¶ 6, and he has requested reimbursement from the parties in the amount of $260,000.00 (1300 hours x $200.00 per hour), "subject to approval by the Court" Id. at 3, ¶ 8. Dr. Phillips' claim for reimbursement is grounded in his belief that the Nations "would have had no case without . . . [him,]" id. at 3, ¶ 7,[1] and his contention that "[t]he great value of the information [he] provided to the . . . [N]ations is self-evident." Id. ¶ 8.

---

[1] Attached to Dr. Phillips' Notice is an article written by Richard Green in August 2007. See Doc. 362-1; e.g., Doc. 111-1 at 3. In the article, Green stated that Dr. Phillips had "earlier this year [(2007)], told [him] . . . how he had begun the research." Id. at 3. It appears that Dr. Phillips has been aware of this lawsuit as early as 2007; yet he provides no explanation why he waited until October 2015 to assert his claim for reimbursement.

This matter has been settled; distribution of the settlement amounts is proceeding according to the Stipulation. Dr. Phillips has cited no authority that compels consideration at this juncture and under these circumstances of his "equitable claim for payment for the work and hours . . . expended and contributed in this case . . . ." Id. Accordingly, the Court DECLINES to take any action in connection with Dr. Phillips' Notice unless and until the parties to this lawsuit request the Court to do so and thus, makes no determination with regard to whether Dr. Phillips' research benefitted the Nations and/or the defendants in this matter, as he has claimed, or whether legal and/or equitable impediments exist that bar Dr. Phillips' claim for compensation.

ENTERED this _14th_ day of October, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE